## POWERS v. WILSON.

1. **Contract**: BREACH OF: WORK AND LABOR. If an employe who is under contract to serve his employer for a fixed period leaves the service before the expiration thereof, he is not entitled to recover what may be his due after deducting damages for the breach of contract until the time of payment fixed therein.

*Appeal from Boone Circuit Court.*

THURSDAY, MARCH 21.

ACTION to recover for labor performed by plaintiff's assignor for defendant. The labor was performed under a contract by which the plaintiff's assignor agreed to work for the defendant for the period of a year, commencing November 15, 1875, for a certain sum which was to be paid at the end of the year. On the first day of July, 1876, he left his employer without any fault of the defendant, and refused to fulfill his contract. The services performed were of the reasonable value of thirty-four dollars, after deducting all damages sustained by reason of a breach of the contract. This action was brought and

tried before the wages, according to the terms of the contract, were due, and a recovery was allowed. Defendant appeals.

*Ritchey & Green*, for appellant.

*Kidder & Crooks*, for appellee.

ADAMS, J.—The plaintiff insists that he had a right to an immediate recovery, notwithstanding the terms of the contract in regard to time of payment. His theory is that the action is not based upon the contract, but upon a promise implied by law to pay so much as the defendant is benefitted by the services, after deducting the damages sustained by a breach of the contract, and that the time of payment, therefore, is not governed by the contract. But this position, we think, is not well taken. Where a contract is broken the liabilities of the parties are still to be determined and their rights adjusted by its terms so far as they are applicable to the changed condition of affairs. In the case at bar, for instance, the value of the services is to be determined with reference to the stipulated wages. If the plaintiff made a bad bargain for himself in that respect he cannot escape the effects of it. So, it appears to us, the parties must be governed by the stipulation with reference to the time of payment. We see no reason why the contract should be regarded as annulled in that respect because it was broken by the plaintiff in regard to the amount of services which were to be rendered. If a person contracts for goods to be delivered to him upon credit, it would hardly be claimed, we think, that a failure by the vendor to deliver all the goods contracted for would entitle him, before the expiration of the credit, to recover for the goods delivered.

In arriving at the amount for which judgment was allowed, we must assume that the court deducted from the year's wages as stipulated the value which the plaintiff's services would have been during the remainder of the year if the contract had been performed, and all special damages, if any, which the defendant sustained by reason of the plaintiff's leaving his employment at the time he did. If the plaintiff was entitled to recover at that time, there should also have been deducted,

<sup>1.</sup> *Margin note:* 1. CONTRACT: breach of: work and labor.

and we must assume that there was deducted, such sum as would make the amount recoverable—the then present value of what would be due at the end of the year. But there is no ground for making this deduction except the mere assumption that the contract was nullified in regard to time of payment, and we have endeavored to show that there is no reason for so considering it. It was the defendant's right to make such stipulation in regard to time of payment as suited his convenience, and when he had made it it was his right to be permitted to rely upon it and govern himself accordingly. To hold that an employe may leave his employer at any time without cause and maintain an action for his wages before the time when the parties had expressly agreed that they should be payable would often impose a serious hardship upon the employer, even though a deduction should be made for the purpose of allowing only the then present value of what would be due at the time stipulated for payment. We think that the judgment of the Circuit Court must be

REVERSED.